UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
ZHEN GUANG LIU,                                      Docket No: 16-CV-00937

                              Plaintiffs,

              -against-


DA DI CHINESE FOOD, INC. d/b/a KIM FAI CHINESE
FOOD and YAN LI

                              Defendants
---------------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS
## MOTION FOR SUMMARY JUDGMENT


Dated:  New York, NY
        June 1, 2017

                                      */s/ Vincent S Wong*
                                      Vincent S. Wong, Esq. (VW9016)
                                      Law Offices of Vincent S. Wong
                                      39 East Broadway, Suite 306
                                      New York, NY 10002
                                      P: (212) 349-6099
                                      F: (212) 349-6599

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES 3

PRELIMINARY STATEMENT 4

SUMMARY OF FACTS 4

SUMMARY JUDGMENT STANDARD 5

I: PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW 7

    The Court Should Decline Supplemental Jurisdiction 9

CONCLUSION 10

# TABLE OF AUTHORITIES

## Statute

28 U.S.C. §1367 — 9

29 U.S.C. § 203 — 7

29 U.S.C. § 207(a)(1) — 7

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) — 5

*Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000) — 8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) — 5, 6

*Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005)

*Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007). — 5

*Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) — 6

*Lamont v. Frank Soup Bow1 Inc.*, 2001 WL 521815, at *7 — 9

*Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014) — 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) — 6

*Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998) — 9

*McLeod v. Threlkeld*, 319 U.S. 491,497 (1943) — 8

*Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013) — 7

*Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005) — 8

*Wirtz v. Melos Construction Corp.*, 408 F.2d 626 — 7

*Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19 — 9

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support to the Defendants DA DI CHINESE FOOD, INC. (hereafter "DA DI") and YAN LI motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**STATEMENT OF FACTS**

Defendant YAN LI is the owner of DA DI.  Plaintiff was a deliveryman who worked at DA DI from July 1, 2015 to December 16, 2015[1].

Plaintiff was unemployed from December 16, 2015 to November 2016. [2]

Plaintiff decided to file this wage and overtime lawsuit in February 2016[3], when his situation was financially "bad"[4]. During the same time period, over the next few months after filing this lawsuit, Plaintiff filed four (4) other wage and overtime lawsuits against all his former employers for the last six (6) years[5]. At all these other restaurants, Plaintiff claims he worked similar, if not the exact same, hours and amount of day, as he does in this lawsuit, and claims that none of his employers for the last six (6) years have properly paid him[6].

In this case, like the others, Plaintiff alleges that he worked 6 days per week, for 11-13 hours per day, with no breaks[7]. Plaintiff alleges that he was paid $1600 per month plus tips.[8] Plaintiff is suing for unpaid wages and overtime.

Defendants dispute Plaintiff's allegations. Defendants records show that Plaintiff worked 145 hours per month, each month, for 5 or 6 days per week, usually between 29-35 hours per

---

[1] Decl. of YAN LI ¶ 15 ; Exhibit C
[2] Dep. of LIU pg 18:22-19:17
[3] Dep. of LIU pg 114:19-21
[4] Dep. of LIU pg 119:15-17
[5] Dep. of LIU pg 115:20-116:7; pg 120:15-122:3
[6] Dep. of LIU pg 120:20-25
[7] Amended Complaint ¶ 21.
[8] Amended Complaint ¶ 22

4

week, with a usual schedule of 11am to 5pm, with every work day having two (2) thirty (30) minute meal breaks;[9] With certain days be longer or shorter, as detailed in Defendants Records, Defendants' Exhibit C. Plaintiff was paid $10 per hour for his 145 hours and also paid a $150 per month stipend for his bike, for a total of $1600 per month plus tips.

While Plaintiff has alleged Defendants' annual gross sales exceed $500,000 in its complaint, Defendants' actual gross sales were significantly less. Defendants' annual gross sales each year it has been in business have been around $150,000 per year[10]. Defendants' annual gross sales in 2015 were $156,496[11]. Defendants have never had annual gross sales of $500,000 or more.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007).

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp.*, 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an

---

[9] Defendants' Exhibit C
[10] Defendants' Exhibit A, B, and D
[11] Defendants' Exhibit D

essential element of an issue on which it bears the burden. *Id*. at 322–23.Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e).  Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning those portions of Plaintiffs' Complaint which are the subject of the instant motion, partial summary judgment in favor of Defendants is appropriate.

## I: PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

Plaintiffs' federal claims should be dismissed as Plaintiffs have failed to provide evidence of essential elements of its Federal claims.

The minimum-wage and overtime provisions of the FLSA apply only to employees who (1) are personally engaged in interstate commerce or in the production of goods for interstate commerce ("individual coverage") or (2) are employed by an enterprise that is engaged in interstate commerce or in the production of goods for interstate commerce ("enterprise coverage"). See 29 U.S.C. § 207(a)(1); see also *Wirtz v. Melos Construction Corp.*, 408 F.2d 626, 627 (2d Cir. 1969). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

An "enterprise engaged in commerce or in the production of goods for commerce" is one that has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and whose annual gross volume of sales equals or exceeds $500,000. *Id*. §§ 203(s)(1)(A)(i)-(ii).

The plaintiff-employee bears the burden of establishing FLSA coverage to prove his employer's liability. *Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014) (citing *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013)).

Plaintiffs have failed to make a sufficient showing essential elements of enterprise coverage with respect to which Plaintiffs had the burden of proof, i.e. the financial threshold. Defendants are entitled to summary judgment on this jurisdictional prerequisite because the

FLSA does not apply to an enterprise that has less than $500,000 in annual gross volume of sales or business done. Plaintiffs have not produced a single document or presented any evidence to suggest any of the parties in this action had annual gross sales in an amount in excess of $500,000.

In further support of the lack of the $500,000 element, Defendants have produced tax records for the restaurant showing that the restaurant made substantially less than $500,000 in gross revenue[12], daily sales record kept by defendants showing the gross sales made each day at the store for all of 2015[13], bank records for the corporation[14], and the Declaration of Yan Li a person with actual knowledge of the business, further confirms that gross sales did not exceed $500,000. Based on the foregoing Summary Judgment should be granted on this issue.

As to individual coverage, the FLSA can cover an employee "engaged in commerce or in the production of goods for commerce" regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1); *Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005). ("Where a business fails to meet the enterprise requirements of the FLSA ... a plaintiffs FLSA claim can survive summary judgment only if the plaintiff was engaged in commerce or in the production of goods for commerce."). An employee engages in commerce by "performing work involving or related to the interstate movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" 29 C.F.R. § 779.103 (1970). This must be "a substantial part' of the employee's work." *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000). The employee must be "so closely related to the movement of the commerce as to be a part of it," as

---

[12] See Exhibits A and B
[13] See Exhibits D
[14] See Exhibits E

8

opposed to simply performing activities that "affect or indirectly relate to interstate commerce." *Id.* (quoting *McLeod v. Threlkeld*, 319 U.S. 491,497 (1943)).

In this case, Plaintiff alleges he worked as a deliveryman at the restaurant located in New York City, and there has been no allegation of personal engagement in interstate commerce, as such individual coverage does not apply.

Defendants are entitled to summary judgment on Plaintiffs' FLSA claims as Plaintiff cannot establish essential elements to these claims.

## The Court Should Decline Supplemental Jurisdiction

In the event this Court determines that Defendant's Motion for Summary Judgment is appropriate with respect to the federal claims brought under the FLSA, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 with respect to Plaintiffs' remaining claims brought under the New York State Labor Law. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998). See also *Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19 (declining to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendants on both federal claims); *Lamont v. Frank Soup Bowl Inc.*, 2001 WL 521815, at *7 (stating that "[s]ince there is no federal jurisdiction over either [of plaintiffs' FLSA claims] the complaint must be dismissed).

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendants should be dismissed.

Dated: New York, NY
       June 1, 2017

*/s/ Vincent S Wong*
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099