UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ZHEN GUANG LIU,

                      Plaintiff,                  Civil Action No.: 16-CV-00937

        -against-                      **PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS IN DISPUTE PURSUANT TO LOCAL RULE 56.1**

DA DI CHINESE FOOD, INC. d/b/a KIM FAI
CHINESE FOOD and YAN LI,

                      Defendants.
----------------------------------------------------------X

Plaintiff, ZHEN GUANG LIU ("Liu"), by and through his attorneys, Hang & Associates, PLLC, submit this counter-statement of material facts in dispute in response to Defendants DA DI CHINESE FOOD, INC. d/b/a KIM FAI CHINESE FOOD and YAN LI's Rule 56.1 Statement.

### PLAINTIFF'S RESPONSES TO DEFENDANTS' STATEMENTS

1. Plaintiff was employed at Defendant DA DI CHINESE FOOD, INC. from July 1, 2015 to December 16, 2016. (Decl. of YAN LI ¶ 15; Exhibit C).

   **Response: Plaintiff disputes this statement. Plaintiff was employed at Defendant DA DI CHINESE FOOD, INC. from June 30, 2015 to December 16, 2015. (Li Dep. 58:3~8; Liu Decl. ¶ 2)**

2. Defendant's gross sales from January 2015 to December 2015 was $156,496. (Decl. of YAN LI ¶ 14; Exhibit D);

   **Response: Plaintiff disputes this statement. First, the sales records in Defendants' Exhibit D are questionable with regarding to the authenticity and**

1

**contemporaneousness, because the records failed to indicate the number of orders that were made each day, the value of each order, whether the order was for takeout or delivery, or whether the order was made by credit or cash. In addition, Plaintiff testified in his deposition that the restaurant generated a monthly revenue of approximately $40,000 to $50,000, which would add up to an annual revenue of approximately $480,000 to $600,000. (Liu Dep. 52:15~53:6)**

3. Defendant's gross sales from October 2014 to September 2015 was $152,817. (Decl. of YAN LI ¶ 13; Exhibit B);

   **Response: Plaintiff disputes this statement. It is highly unlikely that the gross revenue listed on the restaurant's tax returns (Defendants' Exhibit B) reflected the actual income of the restaurant. First, tax returns for small businesses such as Da Di are notoriously unreliable, especially when Defendants' business transactions were largely or entirely conducted in cash, (Li Dep. 100:5~101:7). Furthermore, the tax returns were not signed, not accompanied by a statement or affidavit of the tax preparer. (Defendants' Exhibit B)**

4. Defendant's gross sales from October 2013 to September 2014 was $139,924. (Decl. of YAN LI ¶ 4; Exhibit A);

   **Response: Plaintiff disputes this statement. It is highly unlikely that the gross revenue listed on the restaurant's tax returns (Defendants' Exhibit A) reflected the actual income of the restaurant. First, tax returns for small businesses such as Da Di are notoriously unreliable, especially when**

> **Defendants' business transactions were largely or entirely conducted in case, (Li Dep. 100:5~101:7). Furthermore, the tax returns were not signed, not accompanied by a statement or affidavit of the tax preparer, as such it is the . (Defendants' Exhibit A)**

5. Defendant made less than $500,000 gross annual income. (Decl. of YAN LI ¶10-14; Exhibits A, B, D, E);

   **Response: Plaintiff disputes this statement. First, it is highly unlikely that the gross revenue listed on the Restaurant's tax returns. First, tax returns for small businesses such as Da Di are notoriously unreliable, especially when Defendants' business transactions were largely or entirely conducted in cash. (Li Dep. 100:5~101:7). Furthermore, the tax returns were not signed, not accompanied by a statement or affidavit of the tax preparer. (Exhibit A and B) Second, the Sales Records (Defendants' Exhibit D) are questionable with regarding to their authenticity and contemporaneousness for the reason given in Response to Defendants' Statement No. 2. Finally, Defendants' bank records (Exhibit E) has little bearing with their gross revenue because they merely demonstrate the extent that the bank account was used solely as a means of paying Da Di's suppliers, service providers, land lord and taxes. (Li's Dep. 118:24 ~ 119:12)**

6. Defendant made less than $500,000 gross per year, while Plaintiff was employed for Defendant. (Decl. of YAN LI ¶10-14; Exhibits A, B, D, E);

   **Response: Plaintiff disputes this statement. Plaintiff worked for the Defendants from June 30, 2015 to December 16, 2015. Defendants' tax return**

for the year of 2015, sales logs as well as bank records for the year of 2015 could not demonstrate Defendants' annual gross revenue because: (1) the tax returns were not signed, not accompanied by a statement or affidavit of the tax preparer; (Defendants' Exhibit A and B) (2) the sales records are questionable with regarding to the authenticity and contemporaneousness, because the records failed to indicate the number of orders that were made each day, the value of each order, whether the order was for takeout or delivery, or whether the order was made by credit or cash; (Defendants' Exhibit D) (3) the bank records has little bearing with their gross revenue because they merely demonstrate the extent that the bank account was used solely as a means of paying Da Di's suppliers, service providers, land lord and taxes. (Li's Dep. 118:24 ~ 119:12; Defendants' Exhibit D) Second, according to Plaintiff, the only delivery worker at the restaurant during his employment, he would deliver thirty to forty orders per day. (Liu Decl. ¶ 11). The average price of each order was approximately $20. *Id.* Therefore, delivery orders alone ranged on these days from $600 to $800 per day. On Friday and Saturday Plaintiff would delivery fifty to sixty orders per day, with an average price of around $20. (Liu Decl. ¶ 12) Thus on Saturday and Sunday total sales from deliveries ranged from $1,000 to $1,200 per day. *Id.* This means that total annual sales from deliveries alone ranged from a minimum of $260,000 and up to $332,800. Furthermore, half of the orders in the restaurant were deliveries and the other half were pick up orders. (Liu Decl. ¶ 14) Therefore

> **Da Di's gross annual revenues, at least in 2015 averaged from $520,000 to $665,600.**

7. When his bike broke Plaintiff would fix his bike at either a bike shop at 8th Avenue, which closed at 5pm or a bike shop at 71st Street Fort Hamilton, which closed at 6pm. (Dep. of LIU pg 48:9-22)

   **Response: Plaintiff does not dispute this statement to the extent that Plaintiff would fix his bike at either a bike shop at 8th Avenue, which closed at 5 pm or a bike shop at 71st Street Fort Hamilton. However, the one at 71st Street Fort Hamilton closed at 8pm. (Plaintiff Exhibit G)**

8. When his bike broke Plaintiff would fix his bike during the night after work. (Dep. of LIU pg 47:22-48:8)

   **Response: Plaintiff disputes this statement. Plaintiff testified in his deposition that in the case that his bike broke he would normally take the bicycle to the bike shop for repair the next day instead of the day his bike broke. (Liu's Dep. 132:9~20)**

9. Plaintiff claims that Defendants picked him up from his house every day he worked and dropped him off at his home after work every day. (Dep. of LIU pg 33:19 – 35:11).

   **Response: Plaintiff disputes this statement to the extent that Plaintiff testified that it was Defendant Yan Li's husband, who is not a Defendant in this action, drove him to and off work. (Liu Decl. ¶10) Although Plaintiff identified the one who picked and dropped him off every day as a male whose last name is "Li" (Liu Dep. 33:19 ~ 34:21) it was actually not Defendant Li who picked up**

5

**and dropped him off, it is likely that Plaintiff assumed that Yan Li and her husband share the same family name.**

10. Plaintiff admits that Defendants knew when he started every day and when he ended every day. (Dep. of LIU pg 35:5-11).

    **Response: Plaintiff disputes this statement. The person who Plaintiff admitted in his deposition that drove him to and off work and thus knew when he started and ended every day is Mr. Xue Zao Zheng, Defendant Yan Li's husband, instead of Defendants' Li herself. (Li Dep. 13:9~10; Liu Dep. 35:2~11)**

11. Defendants kept records of when Plaintiff came to work each day, when Plaintiff left work each day, when Plaintiff took breaks, and what Plaintiff was paid each pay period. (Decl. of YAN LI ¶ 15-16; Exhibit C);

    **Response: Plaintiff disputes this statement. First, Plaintiff testified that he neither knew nor ever saw the time records presented by Defendants that allegedly reflect the number of hours he worked. (Liu Dep. 85:9~18) Plaintiff also denied Defendants track the number of his hours. (Liu Decl. ¶4) Second, Defendant Yan Li often left about an hour or two before the restaurant closes, and it has always been her husband Mr. Zheng who closes the restaurant and drove Plaintiff home, Defendant Li, therefore, has no first-hand knowledge of when Plaintiff ended his work every day. (Li Dep. 42:9 ~ 43:8; Liu Decl. ¶10) Furthermore, Plaintiff testified that he did not have any break each work day throughout his employment with Defendants. (Liu Dep. 130:20~131:9; Liu Decl. ¶3)**

12. Plaintiff was unemployed from December 16, 2015 to November 2016. (Dep. Of LIU pg 18:22-19:17)

    **Response: Plaintiff does not dispute this statement.**

13. Plaintiff's financial situation was "bad" in February 2016. (Dep. of LIU pg 119:15-17).

    **Response: Plaintiff does not dispute this statement.**

14. Plaintiff decided to bring this unpaid wage and overtime lawsuit on February 22, 2016. (Dep. of LIU pg 114:19-21);

    **Response: Plaintiff does not dispute this statement.**

15. A few months later Plaintiff brought four (4) other unpaid wage and overtime lawsuits. (Dep. of LIU pg 115:20-116:7).

    **Response: Plaintiff does not dispute this statement.**

16. These lawsuits brought in February 2016 and a few months later, are unpaid wage and overtime lawsuits against every employer Plaintiff had for the last 6 years. (Dep. of LIU pg 120:15-122:3);

    **Response: Plaintiff does not dispute this statement.**

17. Plaintiff claims all of employers for the last six (6) years have failed to properly pay him a proper wages and overtime. Dep. of LIU pg 120:20-25).

    **Response: Plaintiff disputes this statement. The portion that Defendants cited from Plaintiff's Deposition Transcripts does not reflect Statement No. 17.**

18. The statute of limitations for an unpaid wages and overtime under New York Labor Law is 6 years (N.Y. LAB. LAW § 198 (3));

> **Response: Plaintiff states that this statement contains conclusion of law that requires no response.**

19. The restaurant provided free meals to its workers, including Plaintiff. (Dep. of LIU pg 36:8-25);

    **Response: Plaintiff does not dispute this statement.**

20. The free meals were provided at 1pm, around 4-5pm, and then at 8-9pm. (Dep. of LIU pg 35:12-36:25)

    **Response: Plaintiff dispute this statement to the extent that Defendants provided Plaintiff free meals at 1pm, and around 4-5pm on Tuesday, Wednesday, Thursday, and Sunday. However, Plaintiff was provided dinner only on Friday and Saturday. (Li Dep. 76:12 ~ 77:2)**

21. Plaintiff kept all of his tips and did not share his tips with anyone. (Dep. of LIU pg 40:10-15).

    **Response: Plaintiff does not dispute this statement.**

22. Plaintiff claims he spent 2/3 of his work day making deliveries. (Dep. of LIU pg 35:16-2)

    **Response: Plaintiff does not dispute this statement.**

Dated: August 4, 2017
Flushing, New York

>                           HANG & ASSOCIATES, PLLC
>
>                           By:__/s/ *Keli Liu*_____
>                           Keli Liu
>                           136-18 39th Avenue, Suite 1003
>                           Flushing, New York 11354
>                           Tel: (718) 353-8522
>                           kliu@hanglaw.com
>                           *Attorneys for Plaintiff*

8